

```
                                    FILED
                              U.S. DISTRICT COURT
                           EASTERN DISTRICT OF LA

                           2005 JUN 24  P 4: 20

                              LORETTA G. WHYTE
                                    CLERK
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNARDER MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2549** |
| **LYNNE COOPER, WARDEN** | **SECTION "T" (6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this habeas petition, state prisoner RAYNARDER MILLER seeks relief from his June 2002 Orleans Parish Criminal District Court conviction for extortion, a violation of La. R.S. 14:66, for which he claims he was sentenced to a term of twenty-two months.[1]

---

[1] The court relies upon the information presented in petitioner Miller's habeas corpus petition. Rec. Doc. 1. Since the court concludes, sua sponte, that Miller's federal petition is subject to dismissal, a response and certified state court record was not requested from the State.

Before this court, petitioner raises several claims for relief, most of which are nonsensical. The best that can be determined by the court is that Miller is attempting to raise a double jeopardy claim and a violation of the Fifth Amendment. Neither of petitioner's claims have been raised before the state's highest court nor has petitioner filed any writ applications whatsoever with the state's highest court.[2]

The Court does not reach the merits of petitioner's grounds for relief since the petitioner has failed to exhaust his available state court remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988). To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Accordingly, petitioner's habeas corpus petition must be dismissed without prejudice to allow the state courts the first opportunity to rule on the merits of Raynarder Miller's claims.

---

[2] A staff member of the undersigned Magistrate Judge contacted the Clerk's office at the Louisiana Supreme Court and was informed that Raynarder Miller has never filed a writ application with that court. Moreover, a Westlaw search reveals no cases filed in the state courts by petitioner Miller.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Raynarder Miller for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of June, 2005.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE